IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PAUL LEE JOHNSON**                                                                           **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO. 2:23-CV-00128-KS-MTP**

**TOMMY FRANKLIN FLOYD, AMERICAN
COMMERCIAL TRANSPORTATION, AND
GUIDEONE MUTUAL INSURANCE
COMPANY**                                                                                    **DEFENDANTS**

---

**ANSWER AND AFFIRMATIVE DEFENSES
OF
TOMMY FRANKLIN FLOYD
AND
AMERICAN COMMERCIAL TRANSPORTATION, LLC**

---

**COME NOW,** Defendants, Tommy Franklin Floyd and American Commercial Transportation, LLC (incorrectly identified as "American Commercial Transportation" in the Complaint), by and through counsel, and file this their Answer and Defense to the Plaintiff's Complaint as follows:

### Affirmative Defense Number 1

Plaintiff's Complaint fails for a lack of service and improper service of process, and, on the basis that the Complaint fails to state a claim or cause of action, in whole or in part, upon which relief may be granted.

### Affirmative Defense Number 2

Plaintiff's Complaint fails to join necessary parties or real parties in interest as required by Rules 17 and/or 19.

**AND NOW**, having raised and preserved their Rule 12 Affirmative Defenses, Defendants now respond to the allegations stated in the Complaint, paragraph by paragraph, as follows:

## PARTIES

1. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 1.

2. As to the allegations stated in paragraph number 2 of the Complaint, it is admitted that Tommy Franklin Floyd is an adult resident citizen of the state of Georgia and that he may be served with process as allowed by law. Otherwise, denied.

3. As to the allegations stated in paragraph number 3 of the Complaint, it is admitted that American Commercial Transportation, LLC is Georgia company, and that he may be served with process as allowed by law. Otherwise, denied.

4. The allegations stated in paragraph number 4 of the Complaint are not directed at these defendants, and Defendants do not have sufficient information to determine to response. Otherwise, denied.

## JURISDICTION

5. Defendants are without sufficient information at this time to be able to determine the veracity of the allegations stated in paragraph number 5 of the Complaint, and therefore, deny same. Defendants raise, preserve and do not waive any and all claims and defenses available to them under applicable law. Otherwise denied.

## VENUE

6. Upon information and believe, the accident which is the subject of this lawsuit occurred within Forrest County, Mississippi. Otherwise, denied.

## FACTUAL SUMMARY

7. Defendants deny the allegations contained in paragraph 7.

8. Defendants deny the allegations contained in paragraph 8.

9. Defendants deny the allegations contained in paragraph 9.

## COUNT ONE

## NEGLIGENCE

10. Defendants deny the allegations contained in paragraph 10.

11. Defendants deny the allegations contained in paragraph 11, including but not limited to, subparagraphs (a) through (l).

12. Defendants deny the allegations contained in paragraph 12, including but not limited to, subparagraphs (a) through (i).

## COUNT TWO

## NEGLIGENCE PER SE

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14, including but not limited to, subparagraphs (a) through (C).

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

As to the allegations stated in the unnumbered paragraph of the Complaint beginning **"WHEREFORE"**, Defendants specifically deny that Plaintiffs, or anyone else, is entitled to recover any relief from them whatsoever, otherwise, denied.

Defendants deny each and every allegation of the Complaint not specifically admitted herein regardless of paragraph number or lack thereof.

**AND NOW**, having raised and preserved their Rule 12 Affirmative Defenses, and having responded to the allegations stated in the Complaint, paragraph by paragraph, Defendants hereby raise and preserve their additional affirmative defenses as follows:

### Affirmative Defense Number 3

Defendants affirmatively assert that any damage to Plaintiff was caused and/or contributed by and through the carelessness, negligence, and/or fault of Plaintiff and/or any other party to this

3

lawsuit and/or persons not a party to this lawsuit, but whose fault discovery may reveal, all of which is requested to be compared, pursuant to applicable Mississippi comparative negligence law so as to bar and/or diminish any recovery by Plaintiff herein. The Defendant also affirmatively asserts the defense of open and obvious, contributory and/or comparative negligence, and all defenses, limitations, and provisions afforded by Mississippi Code §§ 11-1-60, 11-1-65, 11-7-15, and 85-5-7.

### Affirmative Defense Number 4

Defendants affirmatively assert that the subject motor vehicle accident was caused by Plaintiff's negligence and failure to follow Mississippi's Rules of the Road.

### Affirmative Defense Number 5

Defendants affirmatively assert that the Plaintiff's harm was caused, at least in part, by the Plaintiff's failure to wear a seatbelt.

### Affirmative Defense Number 6

Defendants deny that Plaintiff sustained any injury, damage, or loss, if any, by reason of any act or omission on the part of the Defendants, or any agent, servant, or employee of the Defendants.  The Defendants specifically deny that they were negligent in any manner whatsoever. But, in the event it is found that Defendants were negligent in any manner or to any degree, the Defendants deny that any negligence on their part contributed to or was a legal cause of any injuries sustained by Plaintiff.

### Affirmative Defense Number 7

The injuries, losses, or damages complained of by Plaintiff resulted from a superseding, supervening, subsequent, or intervening act of another person(s) or event, whether named or alleged herein or not, which was the direct and proximate cause of any such damages, losses, or injuries, if any, complained of by Plaintiff.  By reason of such intervening action or events, the Defendants' liability, if any, is limited or otherwise barred.

### Affirmative Defense Number 8

Plaintiff failed to mitigate his damages, if any, which were sustained and failed to exercise reasonable care to avoid the consequences of harm, if any, in that, among other things, Plaintiff failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries, and failed to take reasonable precautions to reduce any injuries and damages.

### Affirmative Defense Number 9

The damages alleged in Plaintiff's Complaint were not reasonably foreseeable and/or are speculative and/or have not yet accrued.

### Affirmative Defense Number 10

Plaintiff failed to plead items of special damages, if any, with sufficient particularity.

### Affirmative Defense Number 11

Defendants affirmatively assert all common law, statutory or regulatory privileges and defenses to which they may be entitled.

### Affirmative Defense Number 12

Defendant affirmatively assert that the Complaint fails to join necessary and real parties in interest in this cause because individuals and/or entities other than Plaintiff may have ownership interests, assigned interests, and/or subrogated interests in this matter, and their joinder is required under Rule 17 and Rule 19, or ratification must be obtained from them.

### Affirmative Defense Number 13

Defendants affirmatively assert that Plaintiff has suffered no harm, injuries or damages for which recovery may be obtained from the Defendants.

### Affirmative Defense Number 14

Defendants affirmatively assert that Plaintiff's claims, or some of them, are barred by the doctrines of substantial performance or compliance, payment, acceptance, release, waiver,

5

estoppel, failure of consideration, corporate veil, mistake, duress, recoupment, unjust enrichment, prevention of performance, condition precedent, accord and satisfaction, ratification, consent, res judicata, settlement and release, accord and satisfaction, ratification, consent, merger, statute of frauds, failure to exhaust remedies, election of remedies, novation, acquiescence, discharge, laches, and/or expiration of the applicable statute of limitations.

### Affirmative Defense Number 15

Defendants affirmatively assert all defenses, limitations and conditions precedent referenced by Rules of Civil Procedure 8 and 9 and 10 to the extent such defenses are applicable or otherwise become applicable in the course of this litigation.

### Affirmative Defense Number 16

Plaintiff's recovery is barred because the Defendants did not owe a duty to protect Plaintiff.

### Affirmative Defense Number 17

Plaintiff lacks standing to bring some or all of the claims in the Complaint.

### Affirmative Defense Number 18

Defendant affirmatively plead the defense of set-off, contribution, and/or credit.

### Affirmative Defense Number 19

Defendants affirmatively assert that Plaintiffs' claims are barred on the basis of "unclean hands."

### Affirmative Defense Number 20

Defendants give notice that they intend to rely upon such other affirmative defenses and/or claims as may become available or apparent during the discovery phase of this civil action and reserves the right to amend its answer to assert any such defense and/or claim. Defendants deny each and every allegation of the Complaint not specifically admitted, regardless of the paragraph number or letter or lack thereof.

**WHEREFORE, PREMISES CONSIDERED**, having raised and preserved their Rule 12 Affirmative Defenses, having responded to the allegations stated in the Complaint, paragraph by paragraph, and having raised their additional affirmative defense, Defendants respectfully submit that Plaintiff's Complaint should be dismissed with prejudice, taxing all costs and expenses to Plaintiff herein.

Respectfully submitted, this the 10th day of October, 2023.

          TOMMY FRANKLIN FLOYD, AMERICAN COMMERCIAL TRANSPORTATION, Defendants

          PHELPS DUNBAR LLP

BY:    s/ *Scott Ellzey*
          Scott Ellzey MS Bar 10435
          Lauren R. McCrory MS Bar 102976
          John P. McMackin MS Bar 105967
          PHELPS DUNBAR LLP
          2602 13th Street, Suite 300
          Gulfport, Mississippi 39501
          Telephone: 228 679 1130
          Facsimile: 228 679 1131
          Email: scott.ellzey@phelps.com
          Email: lauren.mccrory@phelps.com
          Email: john.mcmackin@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

This, the 10th day of October, 2023.

                                               s/ *Scott Ellzey*